■ In the Matter of VAN WAGNER COMMUNICATIONS, LLC, Respondent, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Appellant. [26 NYS3d 860]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 25, 2014, granting the petition brought pursuant to CPLR article 78 to annul a resolution of respondent Board of Standards and Appeals of the City of New York, dated December 17, 2013, which denied the application of petitioner to register a wall sign as a nonconforming advertising sign, unanimously affirmed, without costs.

The determination that an "art installation" that was displayed between 1979 and 1989 on the 4,500 square-foot wall sign, now owned by petitioner, was not an "advertising sign" within the meaning of New York City Zoning Resolution § 12-10, and therefore that the legal nonconforming advertising sign use of the sign was discontinued pursuant to Zoning Resolution § 52-61, involved "a pure legal question that does not mandate deference to the BSA" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]). Although the installation might not have comported with conventional notions of what constitutes advertising, the court correctly found that it met Zoning Resolution § 12-10's definition of "advertising sign," as a sign that "directs attention to a business, profession, commodity, service or entertainment conducted, sold, or offered elsewhere than upon the same zoning lot." The installation directed attention to the artist, who, inter alia, sold off the installation in pieces when it was dismantled, 10 years after it first appeared. Accordingly, because the wall sign maintained its character as an advertising sign, the nonconforming use was not extinguished. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.